# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GLEN EVANS,

        Plaintiff,

v.

CIVIL CASE NO. 06-13973
HON. MARIANNE O. BATTANI

JP MORGAN CHASE BANK, as Trustee for
HOMECOMINGS FINANCIAL NETWORK,
INC.,

        Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

**I.    INTRODUCTION**

Before the Court is Plaintiff's Motion to Dismiss or in the Alternative, for Summary Judgment (Doc. #10). Plaintiff filed a Three Count Complaint on July 25, 2006, alleging that Defendant committed fraud and violated the Michigan Consumer Protection Act through its course of conduct in foreclosing on his property. Defendant removed the case to this Court based on the diversity of citizenship of the parties. Defendant seeks summary judgment, contending that, *inter alia*, it is exempted from Plaintiff's claim under the Michigan Consumer Protection Act's safe harbor provision.

**II.    STATEMENT OF FACTS**

On September 30, 2003, Evans executed a mortgage to Washington Mortgage Company on real property located at 13947 Sussex, Detroit, Michigan. The loan was in the amount of

1

$86,400. Evans subsequently defaulted under the terms of the mortgage in January 2005. Defendant sent Plaintiff a letter on March 4, 2005, notifying him of a foreclosure sale date.

On March 24, 2005, Plaintiff filed for bankruptcy, staying the foreclosure. However, his bankruptcy petition was dismissed on June 14, 2005. Defendant re-commenced foreclosure proceedings. Plaintiff filed another bankruptcy petition on July 22, 2005. The second petition was dismissed on October 12, 2005. Afer the dismissal, Defendant again commenced foreclosure proceedings.

Plaintiff filed a third bankruptcy petition on November 16, 2005. However, because it was his third bankruptcy petition within a year, the automatic stay under 11 U.S.C. § 362 was not in effect. The Wayne County Sheriff convened a foreclosure by advertisement sale on November 17, 2005. Evans alleges that the sale was held without his knowledge. JP Morgan purchased the property for $73,950. Evans's statutory redemption period expired on May 15, 2006.

On July 25, 2006, Evans sued JP Morgan in state court. He alleged that Defendant committed fraud and violated the Michigan Consumer Protection Act ("MCPA") because Defendant continued to send letters to him and his attorney indicating changes in his monthly escrow account. He claims that this led him to believe that his mortgage had not been accelerated, and that as a result, he did not attempt to pursue his right to cure the arrears in bankruptcy, he was unable to sell the property during the redemption period, and did not attempt to refinance the property to preserve his equity. The Complaint alleges that he was damaged in an amount in excess of $25,000, and seeks equitable relief in the form of a twelve month extension of the redemption period.

## III. STANDARD OF REVIEW

### A. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows district courts to dismiss a complaint which fails "to state a claim upon which relief may be granted." "This rule allows a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if every allegation in the complaint is true. Under this standard, a complaint should be dismissed only where it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Tidik v. Ritsema, 938 F.Supp. 416, 421 (E.D. Mich. 1996). The Sixth Circuit has made it clear that "[a] complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Weiner v. Klais & Co., 108 F.3d 86, 88 (6th Cir. 1997). The United States Supreme Court recently reiterated this principle, holding that a complaint that fails to allege facts supporting basic elements like loss and loss causation fails to satisfy Federal Rule of Civil Procedure 8. See Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 338 (2005). When faced with a FED. R. CIV. P. 12(b)(6) motion to dismiss, a district court,

> . . . must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867, 111 S.Ct. 182, 112 L.Ed.2d 145 (1990). A complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Lawler v. Marshall, 898 F.2d 1196, 1199 (6th Cir. 1990) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957)). A judge may not grant a FED. R. CIV. P. 12(b)(6) motion to dismiss based on a disbelief of a complaint's factual allegations. Id.

In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993). However, the court does not give the presumption of truthfulness to any legal conclusions, opinions, or deductions, even if

3

they are couched as factual allegations. Sexton v. Barry, 233 F.2d 220, 223 (6th Cir. 1956); Tidik, 938 F.Supp. at 421; Western Mining Council v. Watt, 643 F.2d 618, 629 (9th Cir. 1980); Mitchell v. Archibald & Kendall, Inc., 573 F.2d 429, 432 (7th Cir. 1978). Accordingly, to determine whether a complaint should be dismissed for failure to state a claim under Rule 12(b)(6), this court must examine the applicable substantive law and the facts alleged in the plaintiff's complaint.

### B. Motion for Summary Judgment

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

As the United States Supreme Court has ruled:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof.

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. See Hager v. Pike County Bd. of Educ., 286 F.3d 366, 370 (6th Cir. 2002). "[T]he burden on the moving party may be discharged by 'showing' - that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party carries that burden, the burden then shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. FED. R. CIV. P. 56(e); Chao v. Hall

4

Holding Co., 285 F.3d 415, 424 (6th Cir. 2002). "The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict." Anderson v. Liberty Lobby Inc., 477 U.S. 242, 256 (1986). The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. See Hunt v. Cromartie, 526 U.S. 541, 549 (1999); Sagan v. U.S., 342 F.3d 493, 497 (6th Cir. 2003).

"A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of [the] essential elements of a cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir. 1984)(citation omitted)(quoting BLACK'S LAW DICTIONARY 881 (6th ed. 1979)). To create a genuine issue of material fact, the nonmovant must do more than present some evidence on a disputed issue.

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

Anderson, 477 U.S. at 249-50. "No genuine issue of material fact exists when the 'record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" Mich. Paytel Joint Venture v. City of Detroit, 287 F.3d 527, 534 (6th Cir. 2002)(quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). However, the mere existence of a scintilla of evidence in support of the non-movant is not sufficient; there must be sufficient evidence upon which a jury could reasonably find for the non-movant. Anderson, 477 U.S. at 252.

5

## IV. ANALYSIS

### A. The Michigan Consumer Protection Act's Safe Harbor Provision

In Count I of his Complaint, Plaintiff asserts that Defendant engaged in an unfair, unconscionable, or deceptive course of conduct when it misled him about the status of the foreclosure of his property by continuing to send him notices of changes in the amount due in his monthly escrow account. Defendant contends that sending those notices is not actionable because the MCPA does not apply to a transaction or conduct specifically authorized under laws administered by a regulatory board or officer. MICH. COMP. LAWS ANN. § 445.904(1)(a). Defendant asserts that sending the notices is within the purview of the Mortgage Brokers, Lenders and Services Licensing Act ("MBLSLA") and the Secondary Mortgage Loan Act ("SMLA"). MICH. COMP. LAWS ANN. §§ 445.1661 *et seq.* and 493.51 *et seq.*

When determining whether a transaction or course of conduct falls within the safe harbor provision, "the focus is on whether the transaction at issue, not the alleged misconduct, is 'specifically authorized.'" Smith v. Globe Life Ins. Co., 597 N.W.2d 28, 37 (Mich. 1999). Here, Defendant is subject to a statutory and regulatory scheme "administered by a regulatory board or officer acting under statutory authority of this state or the United States." See MICH. COMP. LAWS ANN. § 445.904(1)(a). Defendant's lending activities also are within the purview of the MBLSLA and the SMLA. MICH. COMP. LAWS ANN. §§ 445.1661 *et seq.* and 493.51 *et seq.* Moreover, the mortgage lending industry is under the authority of the Commissioner of the Office of Financial and Insurance Services of the Department of Consumer and Industry Services. MICH. COMP. LAWS ANN. § 445.1661(a). Thus, Defendant is subject to the extensive

statutory and regulatory scheme, all administered "by a regulatory board or officer acting under statutory authority of this state."  MICH. COMP. LAWS ANN. § 445.904.

Nevertheless, Plaintiff asserts that Defendant's alleged acts of fraud are not protected by the MCPA's safe harbor provision.  In support of his argument, Plaintiff relies on Att'y Gen. v. Diamond Mortgage Co., in which the Michigan Supreme Court held that the defendant's "real estate broker's license does not exempt it from the Michigan Consumer Protection Act.  While the license generally authorizes . . . the activities of a real estate broker, it does not specifically authorize the conduct that plaintiff alleges is violative of the Michigan Consumer Protection Act, nor transactions that result from that conduct."  Diamond Mortgage, 327 N.W.2d 805, 811 (Mich. 1982).

However, as the court explained in Smith, "the defendant in *Diamond Mortgage* was not exempt from the MCPA because the transaction at issue, mortgage writing, was not 'specifically authorized' under the defendant's real estate broker's license."  Smith, 597 N.W.2d at 37.

> In the present case, unlike Diamond Mortgage, Defendant[] [is] not [a] broker[] writing mortgages without licenses, but [is a] licensed mortgage lender[]. . . . Thus, [it is] specifically authorized by law to have engaged in the "general transaction" now at issue.  The subject transactions are therefore exempt under the MCPA.  *See* Mills v. Equicredit Corp., 294 F.Supp.2d 903, 910 (E.D. Mich. 2003) (improper lending practices claim exempt because defendant bank "was a licensed mortgage lender under a Michigan law that was regulated by the Commissioner of the Office of Financial and Insurance Services of the Department of Consumer and Industry Services"); Newton v. Bank West, 262 Mich.App. 434, 686 N.W.2d 491, 493-94 (2004) (dismissing plaintiffs' claims of improperly charged mortgage fees because both federal and state banks making residential mortgage loans were engaged in transactions specifically authorized by law).

7

Hanning v. Homecomings Financial Networks, Inc., 436 F.Supp. 2d 865, 869 (W.D. Mich. 2006). Therefore, because the complained-of conduct falls within the safe harbor provision, it is not actionable under the MCPA.

### B. Equitable Relief Pursuant to MICH. COMP. LAWS ANN. § 445.911

In Count II of his Complaint, Plaintiff asks the Court to extend his right of redemption pursuant to the equitable relief provision in MICH. COMP. LAWS ANN. § 445.911. That statute reads in relevant part:

> Whether or not he seeks damages or has an adequate remedy at law, a person may bring an action to do either or both of the following:
>
> (a) Obtain a declaratory judgment that a method, act, or practice is unlawful under section 3.
> (b) Enjoin in accordance with the principles of equity a person who is engaging or is about to engage in a method, act, or practice which is unlawful under section 3.

MICH. COMP. LAWS ANN. § 445.911 (1). Plaintiff contends that in cases of fraud, Michigan Courts recognize the extension of the equity of redemption as an equitable remedy. See Flynn v. Korneffel, 547 N.W.2d 249, 257 (Mich. 1996). Plaintiff argues that because the provisions of the MCPA are to be construed with reference to the common-law tort of fraud, the Court may extend the redemption period to remedy a violation of the Act. See Mayhall v. A. H. Pond Co., Inc., 341 N.W.2d 268, 270 (Mich. Ct. App. 1983).

The Court finds that Plaintiff's argument is unavailing. Section 445.911 of the MCPA specifically and explicitly dictates the type of equitable relief available under the Act. The MCPA does not allow a plaintiff to sue for equitable relief to extend the redemption period. Therefore, even though the Court may exercise its discretion to extend the redemption period where fraud is present, the MCPA does not grant the authority to extend of the redemption

period for violations of the Act.¹ Even if this were not the case, Defendant's conduct does not constitute a violation of the MCPA, and thus, Plaintiff cannot received the prayed-for relief under MCPA. Accordingly, Counts I & II of Plaintiff's Complaint are DISMISSED.

### C. Plaintiff's Complaint Adequately Pleaded a Fraud Claim

Defendant argues that Plaintiff's alleged confusion cannot pass the objective standard required for subsections (n) and (o) of MICH. COMP. LAWS ANN. § 445.903. Defendant also contends that Plaintiff failed to state what facts material to the transaction it failed to reveal or misrepresented, how he was damaged, or if he relied on Defendants' misrepresentations.

Plaintiff alleges that the complaint clearly put Defendant on notice that: 1) Defendant's written communications misrepresented that Plaintiff's mortgage was still in good standing; 2) those representations were false because Defendant already foreclosed on the mortgage; 3) those misrepresentations were made with reckless disregard for the truth; 4) Defendant's intent can be inferred from its actions; and 5) Plaintiff relied on those misrepresentations and lost his equity of redemption.

Federal Rule of Civil Procedure 9(b) requires parties to plead fraud with particularity.² See also FFOC Co. v. Invent A.G., 882 F.Supp. 642, 659 (E.D. Mich. 1994) ("Failure to state a fraud claim with particularity constitutes failure to state a claim.") (citation omitted). In determining whether this particularity requirement has been satisfied,

---

¹ This is not to say that Plaintiff is foreclosed from the prayed-for relief, only that he may not seek such relief under MICH. COMP. LAWS ANN. § 445.911.

² FED. R. CIV. P. 9(b) provides, in relevant part, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

> a court must factor in the policy of simplicity in pleading which the drafters of the Federal Rules codified in Rule 8. Rule 8 requires a "short and plain statement of the claim," and calls for "simple, concise, and direct allegations. Indeed, Rule 9(b)'s particularity requirement does not mute the general principles set out in Rule 8; rather, the two rules must be read in harmony.

<u>Michaels Bldg. Co. v. Ameritrust Co., N.A.</u>, 848 F.2d 674, 679 (6th Cir. 1988) (citations omitted). The underlying rationale of Rule 9(b) is to apprise the party accused of fraud of the nature of the claim against him and "of the acts relied upon as constituting the fraud charged." C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1297 (2d ed. 1990).

Here, Plaintiff's spartan complaint adequately alleges that Defendant made material, false representations on certain dates about the status of his loan, which Defendant knew to be false because it foreclosed his property, and that he relied upon the statements to his detriment: i.e., the elements of fraud have been adequately pleaded.

### D. Laches and Unclean Hands

Defendant first contends that the doctrine of laches bars his prayed-for recovery. It argues that even though he was aware of the facts on which he bases his claim, and was represented by counsel, he neglected to take timely action to prevent foreclosure before his statutory redemption period expired. Defendant asserts that because Plaintiff did not bring suit until two months after the statutory redemption period expire, he waited an unreasonable and inexcusable amount of time to bring suit. Defendant also argues that it has been materially prejudiced by the two-month delay because of the declining market conditions for real estate. These arguments are untenable.

"In order to assert the defense of laches, the defendant must ordinarily prove (1) unreasonable and inexcusable delay by the plaintiff in bringing the enforcement action; and (2)

that the defendant was materially prejudiced by this delay." MGA, Inc. v. Centri-Spray Corp., 639 F.Supp. 1238, 1241-42 (E.D. Mich. 1986). There is no evidence that the value of the property suffered a marked decrease in value in the two months between the end of the redemption period and when he filed suit. Nor is there any evidence that Plaintiff engaged in unreasonable and inexcusable delay in bringing his suit. As a result, Defendant has not established this affirmative defense, and Plaintiff's claims will not be dismissed under the doctrine of laches.

Defendant also argues that because Plaintiff's claims are barred by the doctrine of unclean hands. Defendant contends that he may not seek equitable relief in light of the fact that he was in default of his mortgage after missing eleven months of payments at the time of the foreclosure sale, did not make any payments for twenty-three months while living in the house, filed for bankruptcy three times in a year to stall the foreclosure proceedings, and did not make any tender of money in order to redeem the property or reinstate the mortgage.

A plaintiff's equitable claims of fraud and misrepresentation "are barred by the bedrock principle that the preservation of the integrity of the judicial system means no court acting in equity can allow its conscience to be moved to give such a plaintiff relief. Indeed, the maxim that one 'who comes into equity must come with clean hands' is 'the expression of one of the elementary and fundamental conceptions of equity jurisprudence.'" Rose v. National Auction Group, Inc., 646 N.W.2d 455, 460-61 (Mich. 2002) (citation omitted). In other words, plaintiffs seeking equity in a court of equity must do equity. Fox v. Jacobs, 286 N.W. 854, 856 (Mich. 1939).

In Fox, the Michigan Supreme Court found the plaintiffs were foreclosed from equitable relief because they gave no intimation to any of the parties concerned that they in any way questioned the validity of the foreclosure of their house until a suit was filed approximately twenty months after the foreclosure sale, and did not inform the defendants of their intention until after a third party made improvements to the property. The court denied equitable relief because the plaintiffs "would be enabled to appropriate the benefits from these expenditures of money on this property, especially in a suit where no offer to do equity has been made at any time." Id., at 857.

Likewise, in this case, the Court finds that there is no genuine issue of material fact that Plaintiff attempted to stall the foreclosure proceedings by filing for bankruptcy three times in one year, never tendered the redemption amount during the redemption period, did not file suit until two months after the redemption period expired, and did not make any payments for eleven months preceding the foreclosure sale nor made any payments for twenty three months. In light of his conduct, the Court has more than an adequate basis to dismiss his remaining common law fraud claim and his prayer for an equitable extension of the redemption period because he has acted inequitably. See Fox, 286 N.W. 854.

## V. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss or in the Alternative, for Summary Judgment is **GRANTED.**

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: **July 17, 2007**

## CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt
DEPUTY CLERK
